# PECHMAN LAW GROUP PLLC
### A T T O R N E Y S   A T   L A W

**488 MADISON AVENUE**
**NEW YORK, NEW YORK 10022**
**(212) 583-9500**
**WWW.PECHMANLAW.COM**

March 29, 2018

**VIA ECF**

The Honorable Kiyo A. Matsumoto
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:    *Pagoada, et al. v. Central Yetev D'Satmar Meat Inc.*
>        <u>No. 17 Civ. 00377 (KAM) (LB)</u>

Dear Judge Matsumoto:

This joint letter is submitted on behalf of Plaintiffs Mirna Pagoada and Luis Zelaya (collectively, "Plaintiffs") and Defendant Central Yetev D'Satmar Meat Inc. ("Central Yetev" or "Defendant," and together with Plaintiffs, the "Parties") in the above-referenced matter. This letter is submitted seeking Court approval of the enclosed Settlement Agreement.

### PROCEDURAL HISTORY AND FACTUAL ALLEGATIONS

This case was originally filed on January 23, 2017 asserting claims for unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the New York Labor Law § 190, *et seq.* ("NYLL").[1] Plaintiffs also sought spread-of-hours pay, liquidated damages, statutory damages, interest, and attorneys' fees and costs under the NYLL. On June 7, 2017 the parties participated in a mediation session via the EDNY Mediation Program, with the help of mediator Chaim Book. The parties did not settle at the mediation and continued negotiating via counsel for several more months until they reached a settlement of the claims. Plaintiffs' FLSA claims are settled for $35,000.00, as detailed in the fully executed Settlement Agreement submitted together with this letter as Exhibit A.[2]

Plaintiffs' FLSA overtime pay claims arise from allegations that Defendant improperly paid Plaintiffs the same hourly rate for all hours worked, including hours

---

[1] Additional Defendants were initially named in Plaintiffs' Complaint but were dismissed, without prejudice, on February 24, 2017 (ECF No. 7).

[2] The Parties settled Plaintiffs' non-FLSA claims via a separate, confidential agreement.

Hon. Kiyo A. Matsumoto
March 29, 2018
Page 2 of 3

worked in excess of forty per week. Plaintiffs allege they were not paid at the FLSA statutorily required rate of one and one-half times (1½) their regular rate for hours worked over 40 per workweek.

In addition to the mediation they attended, the Parties completed paper discovery and scheduled depositions, which they ultimately did not conduct because they were able to reach a resolution. In light of the risks inherent in continuing litigation and associated costs, the Parties mutually agreed to resolve their FLSA dispute as set forth in the attached Settlement Agreement.[3] Should this case continue, the Parties would have to engage in motion practice, prepare for trial, and try this case over several days. Afterwards, either Party could appeal a result. Proceeding to trial would consume significant amounts of time and resources, including the resources used to resolve this matter. Such considerations impacted the Parties' decision to resolve this litigation.

## THE SETTLEMENT IS FAIR AND REASONABLE

The Settlement Agreement enclosed herein requires Defendant to pay Plaintiffs $35,000.00 ("the Settlement Sum") to resolve their FLSA claims. After attorneys' fees and expenses, Plaintiffs will receive payment of $22,947.54 of the total settlement amount, which results in full recovery of the wages allegedly owed to them under the FLSA. Because Plaintiffs are being compensated in full for their FLSA damages, the Settlement Agreement should be approved.

Pursuant to the Settlement Agreement, Defendant will pay the Settlement Sum in seven monthly installments, beginning within forty days of the Court's approval of the Settlement Agreement. In light of the extended payout period, Defendant has executed a Declaration of Confession of Judgment to be entered in the event of a default. Per the Declaration, Defendant agrees to an acceleration of the payments if there is a failure to make timely payments in accordance with the terms of the Settlement Agreement.

This settlement was reached following arm's-length discussions between counsel well-versed in wage and hour law and after the parties conducted a thorough investigation, evaluated the claims and defenses and had discussions regarding the valuation of the case, legal precedent, and ability to pay. The proposed settlement agreement resolves bona fide disputes over sharply contested issues, including, but not limited to, the hours Plaintiffs worked and whether or not Defendant paid Plaintiffs for all their hours worked. For example, the time records produced by Defendant for Plaintiff Mirna Pagoada do not show all the hours that she claims she worked, but she kept no contemporaneous records during her employment and therefore cannot

---

[3] The Parties have entered into a separate settlement agreement to resolve Plaintiffs' New York Labor Law (NYLL) claims asserted in the Complaint. Courts in this Circuit have found bifurcated settlement arrangements, whereby parties submit their FLSA-related agreement for court-approval and settle non-FLSA claims, including NYLL claims, by private agreement, acceptable. *See, e.g., Abrar v. 7-Eleven*, 14-cv-6315 (AKT), 2016 WL 1465360 (E.D.N.Y. Apr. 14, 2016); *Rodriguez v. Gemco Realty II, LLC*, 16-cv-5385 (AJN), 2017 U.S. Dist. LEXIS 193664 (S.D.N.Y. Nov. 21, 2017); *Santos v. Yellowstone Prop., Inc.*, 15-cv-3986 (PAE), 2016 WL 2757427 (S.D.N.Y. May 10, 2016). The unsubmitted agreement does not relate to Plaintiffs' FLSA claims, and it does not preclude Plaintiffs from discussing their experiences litigating their FLSA claims.

Hon. Kiyo A. Matsumoto
March 29, 2018
Page 3 of 3

conclusively confirm that she did in fact work more hours than Defendant claims she worked. Also, Defendant was unable to locate complete wage-hour records for Plaintiff Luis Zelaya and the Parties were unable to agree upon his rate of pay while working for Defendant. These factual disputes were taken into account by the Parties in their negotiations. Additionally, there are concerns about the collectability of a potential award in this case. Defendant claims to have limited funds and is also named in a putative class and collective action lawsuit currently before this Court, *Abreu v. Congregation Yetev Lev D'Satmar Meats & Poultry, Inc. et al.*, 17 Civ. 0272 (KAM) (LB).

### ATTORNEYS' FEES

In accordance with the retainer agreement signed by each Plaintiff, attorneys' fees are 33.3% of the total settlement amount after reimbursements of costs. This amount is presumptively fair. *Marquez v. Roberto's Rest. Corp.*, No. 16 Civ. 2304 (HBP), 2017 WL 5468760, at *3 (S.D.N.Y. November 13, 2017) ("Contingency fees of one-third in FLSA cases are routinely approved in this Circuit."); *see also Garcia v. Atlantico Bakery Corp.*, 2016 U.S. Dist. LEXIS 84631 at *2 (S.D.N.Y. June 29, 2016) (Francis, M. J.) ("[O]ne-third of the total award is the customary contingency percentage in FLSA cases.").

Since the filing of the case, Plaintiffs' counsel, Pechman Law Group PLLC ("PLG") has spent significant time mediating and participating in settlement negotiations with Defendant. PLG also spent nearly a year in pre-litigation negotiations with Defendant before filing the instant lawsuit. PLG used its expertise and experience in litigating this case and providing a satisfactory result to Plaintiffs. In any event, the Settlement Agreement's allocation of $12,052.45 to PLG for fees is substantially less than the lodestar fees generated in this case, which currently exceed $45,000.

All parties agree that the settlement is fair and reasonable and should be approved by the Court. This settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses in further litigation. Continuing through trial would consume significant amounts of time and resources and demand substantial judicial resources. A trial would be costly for all parties and would likely lead to the depletion of the resources used to resolve this matter. The settlement reached is for Plaintiffs alone and will not prejudice any other employee or former employee from pursuing a claim against Defendant in the future.

We thank the Court for its time and consideration of this matter and are available to provide any further information on documentation the Court requires.

Respectfully submitted,

Laura Rodríguez

cc:     Counsel for Defendant (via ECF)

Enclosure