**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
MIRNA PAGOADA and LUIS GONZALO
ZELAYA, on behalf of themselves and all others
similarly situated,

                      Plaintiffs,           Civil Action No.:
                                             17-CV-00377 (KAM)(LB)

        -against-

CENTRAL YETEV D'SATMAR MEAT INC.
d/b/a GLATT KOSHER MEAT & POULTRY,
SATMAR MEAT OF CONG, YETEV LEV,
INC. d/b/a SATMAR MEATS & TAKE OUT,
CENTRAL YETEV LEV D'SATMAR MEAT
I d/b/a SATMAR MEAT WOODBOURNE
and MOSHE BROWN,
                      Defendants.
-------------------------------------------------------------X

## NEGOTIATED SETTLEMENT AGREEMENT AND RELEASE

       WHEREAS, Defendant Central Yetev Lev D'Satmar Meat, Inc. s/h/a Central Yetev D'Satmar Meat Inc. (hereinafter "Defendant") and Plaintiffs Mirna Pagoada ("Plaintiff Pagoada") and Luis Gonzalo Zelaya ("Plaintiff Zelaya") and their respective heirs, executors, administrators, successors and assigns (collectively "Plaintiffs") (Plaintiffs and Defendant together "Parties"), agree to the material terms of this Settlement Agreement and Release ("Agreement") in an effort to resolve Plaintiffs' Fair Labor Standards Act ("FLSA") claims against Defendant in the above-captioned action;

       NOW, THEREFORE, IT IS STIPULATED AND AGREED BY AND AMONG THE PARTIES AS FOLLOWS:

       1.    **Consideration**. In consideration for Plaintiffs signing this Agreement and complying with its terms, Defendant agrees to pay to Plaintiffs the total sum of Thirty-Five Thousand Dollars and Zero Cents ($35,000.00) ("Settlement Sum"). The Settlement Sum shall be paid in in seven (7) equal installments, each of Five Thousand Dollars and Zero Cents ($5,000.00), less deductions as applicable, via checks delivered to Pechman Law Group PLLC, 488 Madison Avenue, 17th Floor, New York, NY 10022, apportioned as follows:

            a.   One check made payable to "Mirna Pagoada" in the amount of One Thousand One Hundred Thirty-Six Dollars and Twenty Nine Cents ($1,136.29), less lawful deductions, for alleged wages owed. An IRS Form W-2 will be issued to Plaintiff Pagoada with respect to this amount after the end of the calendar year(s) in which such checks are paid;

1

  b. One check made payable to "Mirna Pagoada" in the amount of One Thousand One Hundred Thirty-Six Dollars and Thirty Cents ($1,136.30), for alleged liquidated damages. An IRS Forms 1099 will be issued to Plaintiff Pagoada with respect to this amount after the end of the calendar year in which this check is paid;

  c. One check made payable to "Luis Gonzalo Zelaya" in the amount of Five Hundred Two Dollars and Eighty-One Cents ($502.81), less lawful deductions, for alleged wages owed. An IRS Form W-2 will be issued to Plaintiff Zelaya with respect to this amount after the end of the calendar year(s) in which such checks are paid;

  d. One check made payable to "Luis Gonzalo Zelaya" in the amount of Five Hundred Two Dollars and Eighty-Two Cents ($502.82), for alleged liquidated damages. An IRS Forms 1099 will be issued to Plaintiff Zelaya with respect to this amount after the end of the calendar year in which this check is paid;

  e. One check made payable to "Pechman Law Group PLLC" in the amount of Eight Hundred Sixty Dollars and Eighty Nine Cents ($860.89) for attorneys' fees related to representation of Plaintiff Pagoada for Plaintiff Pagoada's claims settled herein. An IRS Forms 1099 will be issued to Pechman Law Group PLLC with respect to this amount after the end of the calendar year(s) in which such checks are paid; and

  f. One check made payable to "Pechman Law Group PLLC" in the amount of Eight Hundred Sixty Dollars and Eighty Nine Cents ($860.89) for attorneys' fees related to representation of Plaintiff Zelaya for Plaintiff Zelaya's claims settled herein. An IRS Forms 1099 will be issued to Pechman Law Group PLLC with respect to this amount after the end of the calendar year(s) in which such checks are paid

  Plaintiffs shall provide Defendant with one copy of this Agreement executed by Plaintiffs. The first payment of the Settlement Sum shall be paid within forty (40) days after the Court approves this Agreement and So Orders the Stipulation and Order of Final Dismissal with Prejudice ("Stipulation"), which is appended hereto as Exhibit "A." Each subsequent payment shall be made thirty (30) days after each prior payment.

  Plaintiffs agree and acknowledge that Defendant and Defendant's counsel have not made any representations to Plaintiffs regarding the tax consequences of any payments or amounts received pursuant to this Agreement. Plaintiffs agree to indemnify Defendant against the payment of any taxes, interest, penalties, and other liabilities or costs that may be assessed upon their respective portions of the Settlement Sum.

  2. **Confession of Judgment.** Contemporaneous with Defendant delivering a signed copy of this Agreement to Plaintiffs, Defendant shall also deliver to Plaintiffs' counsel, through Defendant's counsel, an original Declaration of Confession of Judgment, attached hereto as Exhibit "B," executed by Hillel Rosenberg. In the event that Defendant fails to timely pay any obligation as set forth in Section 1 above, Plaintiffs shall be entitled to commence a collection proceeding against Defendant in the United States District Court, Eastern District of New York,

after first giving notice of default (said notice of default to be served by overnight mail and email to Defendant at 163 Rodney Street, Brooklyn, New York 11211, attn.: Hillel Rosenberg with a copy by email to cyl163@gmail.com and a copy to the Defendant's counsel, Jeffrey M. Schlossberg, Jackson Lewis P.C., 58 South Service Road, Suite 250, Melville, New York 11747, Jeffrey.Schlossberg@jacksonlewis.com, and further providing a ten (10) calendar day right to cure such default. Notice shall be deemed given one day after dispatch of the notice of default. In the event that Defendant fails to cure within ten (10) calendar days of the date that notice of default is given, Plaintiffs shall be entitled to enter a judgment by Affidavit of Confession of Judgment, annexed hereto as Exhibit "B," or otherwise, without further notice against Defendant, in the United States District Court, Eastern District of New York, less any payment(s) made to date pursuant to Paragraph (1) above, and shall have immediate execution therefor. The Parties agree that this Confession of Judgment shall be held in escrow by Plaintiffs' counsel, Pechman Law Group PLLC, and shall not be filed in any court unless and until Defendant fails to cure a default as set forth above. Within ten (10) calendar days of full payment of the Settlement Sum set forth in Section 1 above, Plaintiffs, by and through their counsel, shall destroy the original Confession of Judgment and they shall not retain any copies thereof, and promptly confirm in writing to Defendant's counsel that such destruction has occurred.

      3.     **No Consideration Absent Plaintiffs' Material Representations and Promises.** Plaintiffs understand and agree that Plaintiffs would not receive the monies specified in paragraph "1" above, except for Plaintiffs' execution of this Agreement and the fulfillment of the promises contained herein.

      4.     **Release of FLSA Wage and Hour Claims.** Plaintiffs, their heirs, executors, administrators, successors and assigns voluntarily release and forever discharge Defendant, its affiliates and their officers, directors, principals, owners, partners, trustees, administrators, executors, agents, attorneys, employees, former employees, insurers, reinsurers, predecessors, successors and assigns, and their employee benefit plans and programs and their administrators and fiduciaries, both individually and in their official capacities (collectively "Releasees"), of and from all FLSA wage and hour claims that were asserted or could have been asserted by Plaintiffs against Releasees in the Action. The released claims include, but are not limited to, all FLSA claims for regular and overtime wages, all related derivative benefit claims (both ERISA and non-ERISA benefits), liquidated damages interest on such claims, and attorneys' fees and costs related to such claims through the date this Agreement is executed by all Parties.

      The Parties acknowledge that this Agreement does not limit either party's right, where applicable, to file or participate in an investigative proceeding of any federal, state or local governmental agency. To the extent permitted by law, Plaintiffs agree that if such an administrative wage and hour claim is made, Plaintiffs shall not be entitled to recover any individual monetary relief or other individual remedies.

      5.     **Procedure.** After this Agreement, the Confession of Judgment, the Stipulation, and the settlement agreement between the Parties to resolve Plaintiffs' non-FLSA wage-hour claims alleged in the Action (the "Non-FLSA Settlement Agreement") are executed by the Parties and their counsel, subject to Defendant's review of and consent to the motion for judicial approval of the settlement prepared by Plaintiffs' counsel, Plaintiffs will submit the Agreement and

Stipulation to the Court for the Court's consideration and approval. The Court's approval of all provisions of this Agreement is a material term of this Agreement.

6. **Governing Law and Interpretation.** This Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement, either party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach. The prevailing party in any such action shall be entitled to recover its reasonable attorney's fees and litigations expenses, in addition to any fees and expenses spent litigating the amount of fees and expenses owed. If any provision of this Agreement is declared illegal or unenforceable by any court, excluding the general release language, that provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. Should any provision of this Agreement be declared illegal or unenforceable and cannot be modified to be enforceable, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. The Court will retain exclusive jurisdiction to enforce this Agreement and any dispute shall be resolved by the court without a jury.

7. **Nonadmission of Wrongdoing.** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by the Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

8. **Amendment.** This Agreement may not be modified, altered or changed except in writing and signed by both parties wherein specific reference is made to this Agreement.

9. **Entire Agreement.** This Agreement sets forth the entire agreement between the Parties, and fully supersedes any prior agreements or understandings between the Parties, except the Non-FLSA Settlement Agreement, which remains in full force and effect. Plaintiffs acknowledge that they have not relied on any representations, promises, or agreements of any kind made to them in connection with Plaintiffs' respective decisions to accept this Agreement, except for those set forth in this Agreement and the Non-FLSA Settlement Agreement.

10. **Counterparts.** This Agreement may be executed in any number of counterparts, each of which so executed shall be deemed an original, and such counterparts will together constitute but one Agreement. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party who transmits the signature page by facsimile or email.

11. **Translation.** Plaintiffs confirm and acknowledge that this Agreement has been translated into his and her native languages before signing, and that Plaintiffs fully understand this Agreement's terms and conditions.

**PLAINTIFFS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND REVIEW WITH PLAINTIFFS' ATTORNEYS, PECHMAN LAW GROUP PLLC, ENTER INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL**

FLSA WAGE AND HOUR CLAIMS PLAINTIFFS HAVE OR MIGHT HAVE AGAINST RELEASEES.

The Parties knowingly and voluntarily sign this Agreement and Release as of the date(s) set forth below:

MIRNA PAGOADA

*Mirna S. Pagoada*

Date: 3/16/2018

LUIS GONZALO ZELAYA

*Luis Zelaya* (DocuSigned by: F8867419D0F2467...)

17/03/2018

Date: _____

CENTRAL YETEV LEV D'SATMAR MEAT, INC.

By: _____

Date: 3/20/18

5

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MIRNA PAGOADA and LUIS GONZALO
ZELAYA, on behalf of themselves and all others
similarly situated,

                       Plaintiffs,                   Civil Action No.: 17-CV-00377
                                                              (KAM)(LB)

          -against-

CENTRAL YETEV D'SATMAR MEAT INC.
d/b/a GLATT KOSHER MEAT & POULTRY,
SATMAR MEAT OF CONG, YETEV LEV,
INC. d/b/a SATMAR MEATS & TAKE OUT,
CENTRAL YETEV LEV D'SATMAR MEAT
I d/b/a SATMAR MEAT WOODBOURNE
and MOSHE BROWN,
                       Defendants.
------------------------------------------------------------X

## STIPULATION AND ORDER OF FINAL DISMISSAL WITH PREJUDICE

**WHEREAS,** on January 23, 2017, Plaintiffs Mirna Pagoada and Luis Gonzalo Zelaya (collectively "Plaintiffs") filed a Complaint, which asserts claims against Defendant Central Yetev Lev D'Satmar Meat, Inc. s/h/a Central Yetev D'Satmar Meat Inc. (hereinafter "Defendant") (Plaintiffs and Defendant together, the "Parties"), for, *inter alia*, failure to pay minimum and overtime wages and statutory damages under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and/or the New York Labor Law;

**WHEREAS,** the Parties reached a settlement of this action and Plaintiffs' claims through arms-length negotiations following a mediation held on June 7, 2017 and continued negotiations through counsel, and have entered into a Negotiated Settlement Agreement and Release (the "Settlement Agreement"), formally memorializing the Parties' settlement;

1

**WHEREAS**, the terms of the Agreement, which are incorporated herein by reference, have been reviewed and scrutinized by the Court and are approved and considered a fair and reasonable resolution of, *inter alia*, a bona fide dispute over a provision or provisions of the FLSA and/or time worked; and

**WHEREAS**, this Court shall retain jurisdiction to enforce the terms of the Agreement;

**IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned counsel for the Parties, that this action be hereby dismissed and discontinued in its entirety, with prejudice, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. No attorneys' fees or costs will be awarded to any party by the Court, except as provided in the Settlement Agreement. The terms of the Settlement Agreement have been presented for review and approval by the Court and the Settlement Agreement is hereby approved by the Court.

The Court shall retain jurisdiction as to enforcement of the Settlement Agreement.

Respectfully submitted,

| | |
|---|---|
| PECHMAN LAW GROUP, PLLC | JACKSON LEWIS P.C. |
| By: _____ | By: _____ |
| Louis Pechman, Esq. | Jeffrey M. Schlossberg, Esq. |
| Laura Rodriguez, Esq. | Douglas J. Klein, Esq. |
| Catalina Cadavid, Esq. | *ATTORNEYS FOR DEFENDANT* |
| *ATTORNEYS FOR PLAINTIFFS* | *CENTRAL YETEV LEV D'SATMAR* |
| 488 Madison Avenue, 17th Floor | *MEAT, INC.* |
| New York, New York 10022 | 58 South Service Road, Suite 250 |
| (212) 583-9500 | Melville, New York 11747 |
| | (631) 247-0404 |
| Dated: March 29, 2018 | Dated: March 30, 2018 |

SO ORDERED on this _____ day of _____, 201__.

_____

2

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
MIRNA PAGOADA and LUIS GONZALO
ZELAYA, on behalf of themselves and all others
similarly situated,

                     Plaintiffs,         Civil Action No.:
                                             17-CV-00377 (KAM)(LB)

      -against-

CENTRAL YETEV D'SATMAR MEAT INC.
d/b/a GLATT KOSHER MEAT & POULTRY,
SATMAR MEAT OF CONG, YETEV LEV,
INC. d/b/a SATMAR MEATS & TAKE OUT,
CENTRAL YETEV LEV D'SATMAR MEAT
I d/b/a SATMAR MEAT WOODBOURNE
and MOSHE BROWN,
                     Defendants.
-------------------------------------------------------------X

       Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the following is true and correct:

       1.    I am a manager of Central Yetev Lev D'Satmar Meat, Inc. s/h/a Central Yetev D'Satmar Meat Inc. (hereinafter "Defendant").

       2.    Central Yetev Lev D'Satmar Meat Inc. is located at 163 Rodney Street, Brooklyn, New York 11211.

       3.    This is a judgment to be confessed for money due.  The facts out of which the debt arose and the sum confession due are set forth below.

       4.    On or about January 23, 2017, Plaintiffs filed the lawsuit which alleged that Defendant in the above-captioned proceeding, failed to pay Plaintiffs certain wages under the Fair Labor Standards Act and New York Labor Law, including overtime wages for hours worked over 40 in the workweek.

5.	Although denying any liability or wrongdoing, in or around February 2018, Plaintiffs and Defendant entered into and executed a Settlement Agreement and Release (the "Agreement").

6.	The Agreement provides that Defendants will pay Thirty Five Thousand Dollars ($35,000.00) to Plaintiffs in seven (7) equal installments of Five Thousand Dollars and Zero Cents ($5,000.00) each, as set forth in the Agreement.

7.	If Defendant fails to timely make any of the settlement payments as outlined in Section 1 of the Agreement, Plaintiffs may, with notice or demand, except as noted below in Paragraph 8, declare the outstanding sum then unpaid immediately due and payable.  To exercise this right, Plaintiffs' counsel shall notify me in writing by overnight mail and email at 163 Rodney Street, Brooklyn, NY 11211, cyl163@gmail.com with a copy to Defendant's counsel, Jeffrey M. Schlossberg, in writing, by overnight mail and via email to Defendant's counsel, Jeffrey M. Schlossberg, Jackson Lewis P.C., 58 South Service Road, Suite 250, Melville, New York 11747, Jeffrey.Schlossberg@jacksonlewis.com, of their intent to do so.   Defendant shall have ten (10) calendar days to remedy any such default.

8.	If Defendant does not remedy the default within ten (10) calendar days of the date that notice of default was given, I hereby authorize the entry of judgment against Defendant, for the amount owed under the Agreement, less than any payments made under section 1 of the Agreement, together with statutory costs pursuant to 28 U.S.C. §§ 1920, 1921, 1923, and 1924; and reasonable attorneys' fees incurred in entering and enforcing the judgment; and interest on the judgment as provided in 28 U.S.C. § 1961.  Plaintiffs shall have the unqualified right to cause this Confession of Judgment to be docketed and entered in this Court, as a judgment against Defendant, against all property, of any kind, in which Defendant has any ownership interest.

9. This Confession of Judgment is for a debt justly due to Plaintiffs pursuant to the Agreement, and Defendant's default in payment under the Agreement.

10. The original of this Affidavit of Confession of Judgment shall remain in escrow with Plaintiffs' counsel, Pechman Law Group PLLC, and the original shall be destroyed upon completion of the payment obligations contained in the annexed Settlement Agreement.

_____
Hillel Rosenberg

___3/20/18___
Date

4820-1653-4366, v. 1

3